915 F.2d 1583
 16 U.S.P.Q.2d 1892
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Garey L. KIRKLAND, Andrew A. Anderson, and Fiber-Trench,
Inc., Plaintiffs-Appellants,
v.
WESTERN FIBERGLASS, INC. and Seibold Corporation,
Defendants-Appellees.
 No. 89-1631.
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1990.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and PLAGER, Circuit Judge.
 
 DECISION
 PLAGER, Circuit Judge
 
 1
 Plaintiffs-Appellants Garey L. Kirkland, Andrew A. Anderson, and Fiber-Trench, Inc. (Kirkland) appeal from a decision of the United States District Court for the Northern District of California (No. C-88-1023-FMS) holding all claims in U.S. Patent No. 4,653,958 ('958) obvious in light of the prior art. We affirm.
 
 OPINION
 
 2
 When a district court holds a patent invalid for obviousness, we review the judgment for both legal error and for a determination of whether the underlying findings are clearly erroneous, nonprobative, or both. Panduit Corp. v. Dennison Mfg. Co., 810 F.2d 1561, 1565, 1 USPQ2d 1593, 1594-95 (Fed.Cir.), cert. denied, 481 U.S. 1052 (1987).
 
 
 3
 In reviewing the teachings of the prior art, the district court found that the prior art taught
 
 
 4
 a plurality of pre-formed modular sections in standardized sizes, with at least one connector end on each section; material which was impervious to the subject fluid; and material which was also lightweight, thereby allowing easy field assembly; connector sections consisting of right angles, T-sections, box-sections and nipples; leak detectors; and drainage sumps.
 
 
 5
 Kirkland v. Western Fiberglass, Inc., No. 88-1023-FMS, slip op. at 11 (N.D.Cal. June 23, 1989).
 
 
 6
 Finding the use of preformed, modular pieces for containment systems to have been known in the art, the district court held that it would have been obvious to one skilled in the art to combine the relevant prior art and produce the system embodied in the Fiber-Trench product and claimed in the '958 patent.
 
 
 7
 In determining obviousness, the invention must be considered "as a whole," 35 U.S.C. Sec. 103 (1988) and the "claims must be considered in their entirety." Medtronic, Inc. v. Cardiac Pacemakers, Inc., 721 F.2d 1563, 1567, 220 USPQ 97, 101 (Fed.Cir.1983). Kirkland argues, inter alia, that the district court, rather than considering the claims at issue, improperly compared the "gist of the patented invention ... with 'ideas' of the prior art...." Kirkland cites W.L. Gore & Associates, Inc. v. Garlock, Inc., 721 F.2d 1540, 1547-48, 220 USPQ 303, 308-09 (Fed.Cir.1983) cert. denied, 469 U.S. 851 (1984) for the proposition that it was error for the court to reduce the prior art to a set of ideas and then determine the differences between those ideas and the claims of the '958 patent. Kirkland misreads Gore.
 
 
 8
 Gore discusses the impropriety of reducing a claimed multi-step process to a single step or idea and then searching for that one step or idea in the prior art. Id. at 1548, 220 USPQ at 308-09. In determining obviousness, the process is not one of comparing the devices detail for detail to see if they match, but rather one of examining the claimed subject matter as a whole to see if, in light of the prior art, it would have been obvious to one skilled in the art. 35 U.S.C. Sec. 103. In the present matter, the district court examined the prior art, including art which was not presented to the examiner, and compared this to the invention at issue. The court followed appropriate procedures in making its determination and its underlying factual conclusions cannot be said to be clearly erroneous.
 
 
 9
 The district court also examined certain secondary considerations. Kirkland asserted that the product produced by Fiber-Trench had been a commercial success. The court held that Kirkland failed to show the required nexus between the success of the Fiber-Trench product and the invention claimed in the '958 patent. See, Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1539, 218 USPQ 871, 879 (Fed.Cir.1983). Again, it cannot be said that this conclusion is clearly erroneous.
 
 
 10
 Kirkland has failed to show that the factual findings of the district court were either nonprobative or clearly erroneous. Kirkland has also failed to establish that the district court committed legal error in concluding that the claims of the '958 patent would have been obvious to one skilled in the art. The decision of the district court is affirmed.